IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CURTIS MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF CHICAGO; CHICAGO POLICE ) | |
| OFFICERS M.R. GARZA, STAR #9671; ) | 07 C 4763 |
| E.A. BRIGGS, STAR #15390; N.J. EVANS, ) | |
| STAR #12754; B. HOOD, STAR #12818; ) | Judge Norgle |
| E.V. COLE, STAR #14947; ) | |
| T.J. BARKSDALE, STAR #18267; ) | Magistrate Judge Denlow |
| R.V. GARCIA, STAR #5529; T.A. ULDRYCH, ) | |
| STAR #5610; R.D WHITTEN, STAR #8163, ) | |
| and UNKNOWN CHICAGO POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff, CURTIS MASON, through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS M.R. GARZA, E.A. BRIGGS, N.J. EVANS, B. HOOD, E.V. COLE, T.J. BARKSDALE, R.V. GARCIA, T.A. ULDRYCH, R.D. WHITTEN, and UNKNOWN CHICAGO POLICE OFFICERS (collectively, "Defendant Officers"), as follows:

### Introduction

1. This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper as Mr. Mason is a

resident of this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

3.  Curtis Mason is a 41-year-old telecommunications analyst for Northwestern Hospital, and a lifelong Chicago resident.

4.  On the evening of January 13, 2007, Mr. Mason was riding with his girlfriend in her van on the South Side when two officers pulled them over.

5.  When Officer M.R. Garza approached, Mr. Mason's girlfriend told him that she had accidentally left her drivers license at home. Officer Garza ordered her out of the van and searched her.

6.  Officer E.A. Briggs then ordered Mr. Mason out of the van and searched him. Officer Briggs asked Mr. Mason to put his hands behind his back to be handcuffed, to which he replied that he had done nothing wrong.

7.  Officer Garza then walked up. He twisted Mr. Mason's wrist, and then proceeded to punch and kick him. Officer Garza also swore at Mr. Mason.

8. More officers arrived on the scene and began punching and kicking Mr. Mason, who by this time had been pushed to the ground.

9. Officer Garza then straddled Mr. Mason's back and began to choke him. Fearing for his life, Mr. Mason struggled to wedge his fingers between his neck and Officer Garza's hands, and yelled that he could not breath.

10. After Garza finally stopped choking him, Mr. Mason was handcuffed face-down on the concrete.

11. Officer Garza then stood in front of the handcuffed Mr. Mason and kneed him in his left eye, fracturing the orbital bone. Mr. Mason's face was so damaged by this act that when Mr. Mason's girlfriend saw it, she screamed.

12. Mr. Mason was taken to a police station, where he was handcuffed to a bench. Officer Garza arrived to interview Mr. Mason. When Garza noticed Mr. Mason looking at his ID badge, he quickly covered it.

13. Throughout this time, Mr. Mason was bleeding profusely from his face and his eye was swollen shut. However, no one took him to the hospital. Instead, the officers delivered Mr. Mason to the lock up, where he stayed awake all night in excruciating pain. He called out to lock up officers for help, but no one responded.

14. After he was released, Mr. Mason went to Northwestern Hospital where doctors diagnosed his orbital fracture. Mr. Mason was forced to undergo surgery, and missed nearly one month of work.

15. Mr. Mason still suffers from serious physical injury as a result of the Defendant Officers' abuse.

16. The Defendant Officers' false charges against Mr. Mason - assault and resisting arrest - were eventually resolved in a manner indicative of his innocence.

### Count I - 42 U.S.C. § 1983:
### Excessive Force

17. Each Paragraph of this Complaint is incorporated herein.

18. Defendant Officers subjected Mr. Mason to excessive force in violation of the Fourth Amendment, using objectively unreasonable force in the manner they abused him. Mr. Mason was not resisting or evading arrest, was not threatening to harm Defendant Officers, was not attempting to flee, and was arrested without probable cause when he was abused.

19. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by

failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Mason; specifically, Chicago police officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Mason in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so.

5

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

20. The misconduct described in this Count was undertaken intentionally with willful indifference to Mr. Mason's constitutional rights.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

23. As a result of this misconduct, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count II – 42 U.S.C. § 1983:
### False Arrest/Unlawful Detention

24. Each Paragraph of this Complaint is incorporated herein.

25. As described above, Defendant Officers falsely arrested and unlawfully detained Mr. Mason without justification and without probable cause.

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Mason's constitutional rights.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

29. The misconduct was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

30. As a result of this misconduct, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count III - 42 U.S.C. § 1983:
### Unreasonable Search and Seizure

31. Each Paragraph of this Complaint is incorporated herein.

32. As described above, Defendant Officers conducted an unconstitutional search and seizure.

33. More specifically, Defendant Officers stopped and searched Mr. Mason for no purpose and with no lawful justification.

7

34. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Mason's constitutional rights.

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

36. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

37. The misconduct described in this Count was undertaken under the policy and practice of the Chicago Police Department in the manner described above.

38. As a result of this misconduct, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count IV - 42 U.S.C. § 1983
### Equal Protection

39. Each Paragraph of this Complaint is incorporated herein.

40. As described more fully above, the Defendant Officers, while acting individually, jointly, and in conspiracy, as well as under color of law, denied Mr. Mason the equal protection of the law in violation of his Constitutional rights.

41. In their false arrest, illegal searching and use of excessive force, Defendant Officers treated Mr. Mason differently than other similarly-situated individuals on the basis of his membership in a particular class.

42. Specifically, Defendant Officers victimized Mr. Mason on the basis of his race, African-American.

43. The Defendant Officers' conduct was motivated by racial animus and discriminatory purpose, and was not rationally related to any governmental interest. It affected minorities in a grossly disproportionate manner vis-a-vis similarly-situated Caucasian individuals.

44. As a result of Defendant Officers' wrongful infringement of his rights, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count V – 42 U.S.C. § 1983: Failure to Intervene

45. Each of the Paragraphs in this Complaint is incorporated herein.

46. Defendant Officers had reasonable opportunities to prevent the violation of Mr. Mason's constitutional rights as set forth above had they been so inclined, but failed to do so.

47. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Mr. Mason's rights and the rights of others.

48. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

49. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

50. As a result of Defendant Officers' failure to intervene, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count VI - 42 U.S.C. § 1983
### Denial of Medical Attention

51. Each Paragraph of this Complaint is incorporated herein.

52. As described more fully above, while incarcerated for many hours at a Chicago police station, Mr. Mason was denied necessary medical attention.

53. In this manner, the conduct of Defendant Officers was objectively unreasonable and they were deliberately indifferent to Mr. Mason's objectively serious medical needs.

54. As a result of Defendant Officers' objectively unreasonable conduct and deliberate indifference to his necessary medical needs, Mr. Mason suffered damages, including but not limited to physical injury and mental distress.

## Count VII - State Law Claim:
### Assault and Battery

55. Each Paragraph of this Complaint is incorporated herein.

56. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Mason's bodily injuries.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Mason's constitutional rights.

58. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

59. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for the actions.

60. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

61. As a result of the offensive touching, Mr. Mason sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

11

### Count VIII - State Law Claim:
### False Imprisonment

62. Each Paragraph of this Complaint is incorporated herein.

63. Mr. Mason was arrested and imprisoned, and thereby had his liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

64. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Mr. Mason's constitutional rights and to the rights of others.

65. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

66. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

67. As a result of the above-described wrongful infringement of Mr. Mason's rights, Mr. Mason suffered physical and emotional injuries, loss of income and other damages.

### Count IX - State Law Claim:
### Malicious Prosecution

68. Each Paragraph of this Complaint is incorporated herein.

12

69. Mr. Mason was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Mr. Mason's favor in a manner indicative of innocence.

70. Defendant Officers accused Mr. Mason of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

71. Statements of Defendant Officers about Mr. Mason's alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

72. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Mr. Mason and others.

73. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for the actions.

74. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

75. As a result of the above-described wrongful infringement of Mr. Mason's rights, Mr. Mason suffered physical and emotional injuries, loss of income, and other damages.

### Count X – State Law Claim:
### *Respondeat Superior*

76. Each Paragraph of this Complaint is incorporated herein.

77. In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

78. Defendant City of Chicago is liable as the principal for all torts committed by its agents.

### Count XI – State Law Claim:
### Indemnification

79. Each Paragraph of this Complaint is incorporated herein.

80. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

81. Defendant Officers are or were employees of the City of Chicago, and acted within the scope of their employment in committing the misconduct described herein.

**Request for Relief**

Plaintiff, Curtis Mason, respectfully requests that the Court:

A. enter judgment in his favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS M.R. GARZA, E.A. BRIGGS, N.J. EVANS, B. HOOD, E.V. COLE, T.J. BARKSDALE, R.V. GARCIA, T.A. ULDRYCH, R.D. WHITTEN, and UNKNOWN CHICAGO POLICE OFFICERS;

B. award compensatory damages against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER M.R. GARZA, CHICAGO POLICE OFFICERS M.R. GARZA, E.A. BRIGGS, N.J. EVANS, B. HOOD, E.V. COLE, T.J. BARKSDALE, R.V. GARCIA, T.A. ULDRYCH, R.D. WHITTEN, and UNKNOWN CHICAGO POLICE OFFICERS;

C. award attorneys' fees against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS M.R. GARZA, E.A. BRIGGS, N.J. EVANS, B. HOOD, E.V. COLE, T.J. BARKSDALE, R.V. GARCIA, T.A. ULDRYCH, R.D. WHITTEN, and UNKNOWN CHICAGO POLICE OFFICERS;

D. award punitive damages against Defendants CHICAGO POLICE OFFICERS M.R. GARZA, E.A. BRIGGS, N.J. EVANS, B. HOOD, E.V. COLE, T.J. BARKSDALE, R.V. GARCIA, T.A. ULDRYCH, R.D. WHITTEN and UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities; and

E. grant any other relief this Court deems just and appropriate.

**Jury Demand**

Plaintiff, Curtis Mason, demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900