IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS MASON, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 4763 |
| | ) | |
| v. | ) | |
| | ) | Judge Norgle |
| CITY OF CHICAGO, et. al. | ) | Magistrate Judge Denlow |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ORDER**

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago ,in opposition to Plaintiff's Motion to Compel, states as follows:

1. On January 23, 2008, Plaintiff filed a motion to compel discovery responses against the City and two of the individual Defendants in this matter. In his motion, Plaintiff claims that the responses to this discovery are "overdue." On January 25, 2008, Judge Norgle issued an order allowing Defendants to respond to the motion on or before February 15, 2008.

2. On February 4, 2008, Plaintiff inexplicably filed the same motion again. As set forth below, the responses are not overdue because Plaintiff's discovery was not properly served and in fact, served in contravention to Rule 26(d) of the Federal Rules of Civil Procedure. Accordingly, the City respectfully requests that Plaintiff's Motion be denied.

3. On August 23, 2007, Plaintiff filed a complaint against the City of Chicago, two known individual defendants and numerous unknown individual defendants.

4. Because Plaintiff named unknown officers, the City worked with Plaintiff in producing information that enabled Plaintiff to identify the unknown officers. On December 19, 2007, the City and Defendants Briggs and Garza made disclosures pursuant to Rule 26 in furtherance of this effort.

5. On December 28, 2007, using the information the City provided to Plaintiff, Plaintiff filed an amended complaint naming seven additional Defendant officers. Summonses for all but one of the formerly unknown Defendant officers were executed between January 14 and 16, 2008. As of the date of this filing, all but one of the Defendants have been served but their attorney has not appeared. Based upon a review of the docket, at least one summons was returned unexecuted. While counsel for the individual Defendants have appeared on behalf of some of the earlier served Defendants, they cannot file appearances for the newly served Defendants until the representation of them is accepted and there is a determination that no conflicts exist.

6. Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." In contravention of Rule 26(d), Plaintiff served Defendants with written discovery and notices of deposition on December 4, 2007, despite the fact that no Rule 26(f) conference had been held. Counsel for the City never agreed to proceed with discovery or depositions absent a conference, or without all parties being served, nor did Plaintiff's counsel ever confer with counsel for the City prior to serving discovery or notices of deposition.

7. Rule 26(f) requires the parties to meet "as soon as practicable" and "in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)." A scheduling conference has not been held (nor is an order due in this matter), nor is it

practicable to convene such a conference when not all the parties have appeared in this case. Dual tracks of discovery would be a wasteful use of resources and lead to confusing and duplicative discovery. Unless there are extenuating circumstances, all parties should sit down and confer pursuant to Rule 26(f) when all parties have appeared so that one discovery schedule can be set for all parties in the litigation.

8. Moreover, Plaintiff's counsel sent out the notices of deposition with deposition dates of January 9 and 11, 2008, knowing she would be amending Plaintiff's complaint to add multiple individual Defendants, none of whom had appeared, answered or even been served with summons, prior to the deposition notice dates.

9. All parties to the litigation have the right to participate in discovery, including attending depositions if they so choose or are advised by their counsel. It would be simply inappropriate and unfair to proceed with depositions when not all parties have been served. It would simply be a waste of time and resources and wholly unnecessary to move forward with depositions when it is known that new parties will be appearing and they will have the right to reconvene any depositions that have proceeded without them. Conducting discovery in that manner would be unfair and wasteful and should not be condoned.

10. The City respectfully suggests that the parties convene a Rule 26(f) conference within seven days after all parties have filed their appearances in this case. To date, one summons remains unexecuted. At that point, the parties can set a mutually agreeable schedule for proceeding with written and oral discovery. In the alternative, discovery can be addressed at the parties' Rule 16 conference, which the Court has ordered to take place by February 15, 2008.

11.     Finally, Plaintiff's motion is devoid of a Local Rule 37.2 statement and on these ground alone, the motion should be denied.  In fact, Defendants have attempted to work with Plaintiff in any event.  <u>See</u> Exhibit C to Plaintiff's Motion to Compel.  Therefore, the motion practice initiated by Plaintiff is improper, unnecessary and a wasteful expenditure of the Court's and parties' time.

**WHEREFORE**, the City respectfully requests that the Court deny Plaintiff's motion.

**DATED: FEBRUARY 5, 2008**

                Respectfully submitted,

                MARA S. GEORGES
                Corporation Counsel
                for the City of Chicago


By:  <u>/s//Diane S. Cohen</u>
      Diane S. Cohen
      Ashley Kosztya
      Assistants Corporation Counsel

30 N. LaSalle, Ste. 1020
Chicago, Illinois  60602
312/744-2836/4-9332

## CERTIFICATE OF SERVICE

I, Diane S. Cohen, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing **Defendant City's Response in Opposition To Plaintiff's Motion to Compel,** to be sent via e-filing delivery, February 5, 2008, to:

Samantha Liskow, Esq.
312 N. May, Ste. 100
Chicago, IL 60607

and

Marc Boxerman
Senior Counsel
Sanjay Patel
Assistant Corporation Counsel
30 N. LaSalle, Ste. 1400
Chicago, IL 60602

By: /S/Diane S. Cohen
Diane S. Cohen